(No. 13136.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MATTHEW OSTROWSKI, Plaintiff in Error.

*Opinion filed April 21, 1920—Rehearing denied June 2, 1920.*

1. CRIMINAL LAW—*defendant must be sentenced under act in force at time of offense.* One committing a crime must be tried and sentenced under the law as it existed at the time of the commission of the offense, except where the punishment is mitigated by the subsequent statute.

2. SAME—*when a verdict is sufficient to justify sentence to reformatory.* Under the law as it existed in 1918 a verdict finding the defendant guilty of robbery and finding his age to be "about twenty-one years," is sufficient to authorize the court to sentence the defendant to the reformatory.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

THOMAS E. SWANSON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and FLOYD E. BRITTON, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Matthew Ostrowski, was indicted for the crime of robbery while armed with a revolver, committed on the 12th day of August, 1918, in Cook county,

Illinois. June 6, 1919, plaintiff in error was convicted of robbery, the jury finding that at the time of the commission of said robbery the defendant was armed with a revolver, with intent, if resisted, to kill or maim the person so robbed, and found the age of the defendant to be about twenty-one years. The cause was continued pending a hearing on a motion for new trial, and judgment was entered on the verdict October 7, 1919. The court found defendant's age to be twenty-one years and sentenced him to the State reformatory at Pontiac.

It is contended that the defendant was entitled to be sentenced under the law in force at the time judgment was entered, and that that law required that "every person of the age of twenty-one years or more who shall be found guilty of robbery while armed with a dangerous weapon, * * * shall be sentenced to the penitentiary and not to the reformatory or other State institution," (Laws of 1919, p. 438,) and that the verdict of the jury is wholly insufficient to support a proper judgment because the court could not determine from the verdict whether or not the plaintiff in error was over or under twenty-one years of age.

Section 2 of the Parole act (Laws of 1917, p. 354,) provides that "in all cases in this act enumerated the jury trying such case shall by their verdict find the age of the defendant, as near as may be." It is conceded that the finding of the jury that the plaintiff in error was "about the age of twenty-one years" was sufficient if the defendant was to be sentenced under the law as it existed at the time the crime was committed and at the time he was tried and convicted, because the law then provided "that every male person between the ages of sixteen and twenty-six years, except in capital cases, may, in the discretion of the court, be sentenced to the reformatory instead of the penitentiary." (Laws of 1917, p. 355.) By an amendment in force July 1, 1919, the punishment for robbery was in-

creased. (Laws of 1919, p. 431.) When this amendment was adopted section 4 of chapter 131 of Hurd's Statutes was in force. This section provided that "no new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding." · The offense having been committed before the amendment of 1919, it was proper to conduct the prosecution and pronounce judgment in accordance with the law in force at the time of the commission of the offense. The constitutional prohibition against *ex post facto* laws prevents the punishment for an offense being increased by an amendatory act taking effect after the offense has been committed. Except where the punishment is mitigated by the provisions of the new law the defendant is entitled to have his punishment fixed under the law as it stood at the time of the commission of the crime. (*Johnson* v. *People,* 173 Ill. 131; *Kossakowski* v. *People,* 177 id. 563; *People* v. *Zito,* 237 id. 434.) Plaintiff in error was properly sentenced under the law as it existed at the time of the commission of the crime.

There being no error in the record the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*