THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLY
R. MONCRIEF, Defendant-Appellant.

Second District    No. 2—94—0463

Opinion filed December 18, 1995.

G. Joseph Weller, Paul J. Glaser, and Amy Kraus, all of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Defendant, Billy R. Moncrief, appeals the trial court's ruling that his sentence of five years' imprisonment following his plea of guilty of retail theft (720 ILCS 5/16A—3(a) (West 1992)) must be served consecutively to defendant's prior sentence for retail theft. We affirm.

On October 4, 1993, defendant was charged with retail theft. At the time of the alleged offense, defendant was on electronic home detention for another retail theft conviction as a condition of his parole. On December 22, 1993, defendant pleaded guilty to retail theft and filed a petition to elect treatment as an addict. The trial court ordered an evaluation by the agency Treatment Alternatives for Special Clients (TASC) to determine if defendant was eligible for such treatment. The TASC evaluation concluded that defendant was acceptable for the TASC program. However, the trial court found that defendant was not eligible for the TASC program because the Department of Probation and Court Services had not consented to the treatment and because of the seriousness of the offense.

■ The State argued at the sentencing hearing that, because defendant committed the offense in the present case while on electronic home detention, the trial court was *required* to sentence defendant to a sentence to run consecutively to defendant's prior sentence for retail theft. The State relied on section 5—8—4(f) of the Unified Code of Corrections (the Code), which states in relevant part:

"(f) A sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections." 730 ILCS 5/5—8—4(f) (West 1992).

The trial court noted that, although cases existed regarding consecutive sentencing when a new offense is committed while on parole and while on work release, none existed regarding new offenses committed while on electronic home detention, as a condition of parole. The court found that home monitoring was more like work release than parole and, therefore, concluded that defendant's sentence must be consecutive to defendant's prior sentence.

On March 25, 1994, the trial court denied defendant's motion to reconsider the sentence. Defendant filed a timely notice of appeal.

■ Defendant's first argument on appeal is that his placement on electronic home detention did not render him "committed to the Department of Corrections" for the purpose of the mandatory sentencing provision of section 5—8—4(f) of the Code. The State argues that this issue has been waived since defendant did not raise this issue in his motion to reconsider the sentence. Normally, issues are waived on appeal unless they are raised at trial (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500) *and in a posttrial motion* (*People v. Enoch* (1988), 122 Ill. 2d 176, 186; *People v. Carroll* (1990), 195 Ill. App. 3d 445, 447). Our supreme court has held that section 5—8—1(c) of the Code does not require a defendant to file a motion to reduce sentence to preserve sentencing issues for appeal. (*People v. Lewis* (1994), 158 Ill. 2d 386, 391.) However, an amendment to section 5—8—1(c) applies to the present case that did not apply in *Lewis*. This amendment apparently requires a defendant to file a written motion to reduce sentence to preserve sentencing issues for appeal. (730 ILCS 5/5—8—1(c) (West 1994).) Therefore, we could consider this issue waived. However, since the improper imposition of consecutive sentences might violate defendant's fundamental rights, we will consider the issue to determine whether the imposition of consecutive sentences constituted plain error. *People v. Wacker* (1994), 257 Ill. App. 3d 728, 732.

The trial court in the present case compared a defendant on electronic home detention to a defendant on parole and to a defendant on work release. Our supreme court has held that the consecutive sentencing provision does not apply to a defendant who is on parole. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 371.) We have held that the consecutive sentencing provision does apply to a defendant who is on work release. (*People v. Gillespie* (1977), 45 Ill. App. 3d 686, 689.) The trial court in the present case determined that electronic home detention is more analogous to work release than to parole. We agree.

■ As in work release, a defendant on electronic home detention is physically confined to a specific geographic area around his home although somewhat less confined than a person who is incarcerated in a traditional correctional facility. A person who is on parole is not subject to material physical confinement. Moreover, section 5—8A—4(H) of the Electronic Home Detention Law provides that a participant therein shall be given notice "that violation of the order for home detention may subject the participant to prosecution for the crime of escape." (730 ILCS 5/5—8A—4(H) (West 1992).) Section

3—1—2(i) of the Code defines escape as the "intentional and unauthorized absence of a committed person from the custody of the Department." (730 ILCS 5/3—1—2(i) (West 1992).) Because persons on electronic home detention are subject to the offense of escape and because an escapee is by definition a person committed to the Department, we conclude that the legislature intended the term "committed to the Department of Corrections" to include persons on electronic home detention, as a condition of parole.

Our conclusion is supported by a recent decision regarding the unlawful delivery of cocaine and the unlawful possession of contraband in a penal institution. (*People v. Moss* (1995), 274 Ill. App. 3d 77.) In *Moss*, defendant was on electronic home detention at the time of the offenses. (*Moss*, 274 Ill. App. 3d at 78.) The offenses were committed in an area around defendant's home. (*Moss*, 274 Ill. App. 3d at 78-79.) The court held that a person on electronic home detention is committed to the Department of Corrections and therefore defendant's home and the effective radius of the monitoring system around defendant's home were a penal institution for the purpose of the charged offense. (*Moss*, 274 Ill. App. 3d at 80-81.) We conclude that a person on electronic home detention, as a condition of parole, is also committed to the Department of Corrections for the purpose of the mandatory sentencing provision of section 5—8—4(f) of the Code.

■ Defendant's second argument on appeal is that the trial court erred in failing to consider the financial impact of his incarceration on the Department of Corrections. This issue is controlled by our recent decision in *People v. Acevedo* (1995), 275 Ill. App. 3d 420. In *Acevedo*, we held that, in the absence of any evidence to the contrary, we will presume that the trial court performed its obligations and considered the financial impact statement before sentencing defendant. (*Acevedo*, 275 Ill. App. 3d at 426.) In the present case, we can find no evidence in the record to suggest that the trial court failed to consider the statement before sentencing defendant.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

INGLIS and GEIGER, JJ., concur.