THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK REED, Defendant-Appellant.

First District (2nd Division)    No. 1—95—2108

Opinion filed June 25, 1996.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Mari R. Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Pamela Leeming, Assistant Public Defender, of counsel), for appellant.

JUSTICE DiVITO delivered the opinion of the court:

Following a bench trial, defendant Derrick Reed was convicted of reckless homicide and aggravated driving while under the influence of alcohol. He was sentenced to seven years' imprisonment for the reckless homicide offense, with a concurrent four-year term for the other offense. His sole contention on appeal is that his seven-year sentence for reckless homicide was excessive. For the reasons that follow, we hold that defendant waived any sentence-related issues and we therefore affirm the judgment of the circuit court.

A full recitation of the facts is unnecessary. We point out that defendant, who had a blood-alcohol level of .224, drove through a red light at the intersection of State and 43rd Streets, in Chicago, at a speed estimated by two witnesses to be between 70 and 80 miles per hour. He collided with a car that was travelling through the intersection with such force that it flipped several times, landing 50 to 75 feet away. A woman in the front seat of that car was killed when she and a baby that she had been holding on her lap were thrown from it. The baby was critically injured. The litany of other injuries caused by defendant to passengers in both cars included fractures, cuts, a ruptured bladder, a bladder perforation, and permanent physical disabilities. Defendant himself was in a coma for several days and suffered an aortic tear and permanent paralysis from the waist down.

Defendant had received 18 months' felony probation in 1991 for possession of a controlled substance.

In this appeal, defendant contends that his sentence was excessive because the circuit court abused its discretion by imposing a sentence reflective solely of retribution and in relying too heavily on the need for deterrence, without taking into account that defendant's paraplegic condition rendered a recurrence unlikely. He also contends that the circuit court gave improper weight to some aggravating considerations and insufficient regard to mitigating circumstances, such as defendant's rehabilitation potential, his present physical condition, and his treatment needs.

In addition to responding that the circuit court properly exercised its discretion, the State contends that defendant has waived review of his sentence by his failure to file a post-sentencing motion as required

by section 5—8—1(c) of the Unified Code of Corrections. 730 ILCS 5/5—8—1(c) (West 1994).

Prior to August 1993, a defendant's failure to object to an alleged error in sentencing did not result in waiver for appeal purposes. 730 ILCS 5/5—8—1(c) (West 1992); *People v. Lewis*, 158 Ill. 2d 386, 634 N.E.2d 717 (1994) (because framed in permissive rather than mandatory terms, section 5—8—1(c) provided no prerequisite for appeals). Effective August 11, 1993, however, section 5—8—1(c) was amended to read as follows:

> "(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. *A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence.*" (Emphasis added to portion added by Pub. Act 88—311, eff. August 11, 1993.) 730 ILCS 5/5—8—1(c) (West 1994).

The sentencing in this case occurred after the effective date of the amendment.

Although one opinion of this court has held that the amendment to section 5—8—1(c) "merely added a procedural requirement that any such motion [to reduce sentence] must be filed in writing within 30 days" (*People v. Cook*, 279 Ill. App. 3d 718 (1995)), we agree with the other panels of this court that have held that the amended statute creates a precondition for a defendant's appeal of sentencing issues (*People v. Moncrief*, 276 Ill. App. 3d 533, 659 N.E.2d 106 (2d Dist. 1995); *People v. McCleary*, 278 Ill. App. 3d 498, 663 N.E.2d 22 (1st Dist. 1996); *People v. O'Neal*, 281 Ill. App. 3d 602 (1996)). We believe that such a motion should be the functional equivalent of the post-trial motion necessary to preserve issues for appeal. See *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988).

The motion required by section 5—8—1(c) is consistent with the well-established requirement that a contemporaneous objection is necessary to preserve a proper record concerning alleged error. See *People v. Williams*, 149 Ill. 2d 467, 493, 599 N.E.2d 913 (1992) (holding that any claimed deficiency or inaccuracy in a presentence report must be brought to the attention of the sentencing court or will be considered waived). Such a motion is also consistent with the requirement that a written motion is a necessary precondition to the preservation of an issue on appeal. *Enoch*, 122 Ill. 2d at 186-87; see also *People v. Wallace*, 143 Ill. 2d 59, 60-61, 570 N.E.2d 334 (1991) (holding that a motion to reconsider is a prerequisite to an appeal of a sentence imposed pursuant to a guilty plea); *People v. Wilk*, 124 Ill. 2d 93, 110, 529 N.E.2d 218 (1988) (same).

A written motion pursuant to section 5—8—1(c) also serves the important goal of promoting "judicial economy and finality of judgments" (*Enoch*, 122 Ill. 2d at 190) by highlighting any alleged error for the circuit court and granting it the "opportunity to reconsider the appropriateness of the sentence imposed and to correct errors made." *Wilk*, 124 Ill. 2d at 110. Without such a motion, appellate counsel and reviewing courts frequently are required to speculate about a sentencing court's intentions and must comb the record looking for guidance where none may exist. In contrast, requiring a defendant to file such a motion ensures the development of a focused record in the circuit court.

Requiring a defendant to raise sentencing issues in the circuit court offers the additional benefit of alleviating the delay in processing appeals by conserving limited appellate resources. For example, had the specific issue presented here been considered by the circuit court, appellate counsel might very well have been justified in filing a motion to withdraw. *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) (where there are no issues meriting appeal, appellate counsel may withdraw). Given the frequency of sentencing issues on appeal (usually without contemporaneous objection or written motion) and given the infrequency of success on those issues, requiring adherence to section 5—8—1(c) would permit appellate counsel to focus on issues addressed in the circuit court or those that merit attention under plain error principles.

The waiver principle we endorse is not draconian. In *McCleary*, *Moncrief*, and *O'Neal*, this court addressed the sentencing issues, despite waiver, pursuant to the plain error exception to the waiver rule, because substantial or fundamental rights were involved. We agree that where plain error is applicable, for example, where consecutive or extended sentences are imposed without legal justification, a reviewing court should address the merits of a defendant's sentencing contention, waiver considerations notwithstanding.

We should be cautious, however, about ignoring the waiver rule only because "substantial" or "fundamental" rights are implicated. Such rights are always invoked when defendants seek to address unpreserved sentencing issues. Here, for example, defendant's brief asserts, "Any length of incarceration affects a defendant's substantial right of liberty and cannot be deemed waived for purposes of review." We stress that the presence of plain error must be linked to the concept of substantial rights. The rule that controls our review of unpreserved issues says it succinctly:

> "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a).

Our review of the record in this case discloses no basis for application of the plain error exception to the waiver rule. Accordingly, we follow *Moncrief*, *McCleary*, and *O'Neal* in finding that defendant, by his failure to file a post-sentencing motion as required by section 5—8—1(c), has waived review of his sentence, one well within the statutory imprisonment range—3 to 14 years—for reckless homicide while under the influence of alcohol (720 ILCS 5/9—3(e) (West 1994)).

This case presents a perfect example of the application of the requirements of section 5—8—1(c). Defendant, whose sentence was well within the statutory range, claims that the circuit court abused its discretion because it gave inappropriate weight to some aggravating factors and insufficient weight to mitigating factors. Those allegations are exactly what implicates section 5—8—1(c)'s requirements. The statute's specific requirements, combined with well-established principles relating to trial and appellate advocacy, demand application of the waiver rule.

The judgment of the circuit court is affirmed.

Affirmed.

SCARIANO and BURKE, JJ., concur.