THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM C. PORTER, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM C. PORTER, Defendant-Appellant.

Fourth District   Nos. 4—96—0359, 4—96—0430 cons.

Opinion filed November 22, 1996.—Modified on denial of rehearing December 30, 1996.

Jon C. Baxter, of Baxter & Massey, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

In these consolidated appeals, defendant William C. Porter seeks review of sentences imposed in Macon County case Nos. 92—CF—799 and 94—CF—704. In No. 92—CF—799, defendant pleaded guilty to attempt (burglary). Ill. Rev. Stat. 1991, ch. 38, pars. 8—4(a), 19—1(a). On November 11, 1993, he was sentenced to 18 months' probation. In July and August 1994, the State filed four petitions to revoke probation alleging (1) burglary and criminal damage to property (De Witt County case No. 94—CF—76); (2) failure to pay restitution, public defender fees, and probation service fees in Macon County case No. 92—CF—799; (3) burglary (Macon County case No. 94—CF—589); and (4) the burglary which was charged in Macon County case No. 94—CF—704. On January 4, 1995, defendant pleaded guilty to the burglary alleged in No. 94—CF—704. In what was apparently a consolidated sentencing hearing in case Nos. 92—CF—799 and 94—CF—704, defendant was sentenced to concurrent periods of probation of two years, conditioned on 90 days in jail subject to work release and 12 months' intensive probation supervision (IPS).

On October 10, 1995, a petition to revoke IPS was filed charging defendant with reckless driving while his driver's license was suspended (Macon County case Nos. 95—TR—17370, 95—TR—17371) and resisting a peace officer. On January 8, 1996, four additional petitions to revoke probations were filed alleging (1) armed robbery, home invasion, aggravated battery to a senior citizen, armed violence, and residential burglary to Wayne and Mary Campbell; (2) two counts of robbery of Ellyn and Allan Carney; (3) robbery of Dorothy Borden; and (4) attempt (armed robbery) of Jean Crane.

Following an evidentiary hearing in which evidence was presented on the petitions as to the traffic violations and resisting a peace officer, the petition as to the Campbells and the petitions as to Crane, the trial court found the allegations proved. Defendant's probations were revoked. He was sentenced to consecutive terms of imprisonment of five years in No. 92—CF—799 and seven years in No. 94—CF—704.

The only issues raised on appeal are whether (1) defendant's sentences are excessive and (2) he is entitled to 90 days' credit against his sentences for time previously served while on probation. The State responds that these issues are waived because defendant failed to file in the trial court a written post-sentencing motion challenging the correctness of the sentences. We decline to find waiver, but affirm the revocations of probations and sentences, while remanding for calculation of defendant's sentencing credit.

■ The first paragraph of section 5—8—1(c) of the Unified Code of Corrections (Code) now states:

"(c) A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. *A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence.* However, the court may not increase a sentence once it is imposed." (Emphasis added.) 730 ILCS 5/5—8—1(c) (West 1994).

Prior to the inclusion of the emphasized language in the above quotation, the Supreme Court of Illinois interpreted the statute as being permissive and not mandatory. That is, a defendant was not required to file a written post-sentencing motion in order to preserve sentencing issues for review. *People v. Lewis*, 158 Ill. 2d 386, 390-91, 634 N.E.2d 717, 719-20 (1994). Since the amendment (Pub. Act 88—311, § 15, eff. August 11, 1993 (1993 Ill. Laws 2604, 2615)), some courts have interpreted this paragraph. *People v. Cook*, 279 Ill. App. 3d 718, 725-26, 665 N.E.2d 299, 303-04 (1995) (first district); *People v. Reed*, 282 Ill. App. 3d 278, 279-81, 668 N.E.2d 51, 52-54 (1996) (first district); *People v. O'Neal*, 281 Ill. App. 3d 602, 612-13, 667 N.E.2d 516, 523 (1996) (first district); *People v. McCleary*, 278 Ill. App. 3d 498, 501-02, 663 N.E.2d 22, 24-25 (1996) (first district); *People v. Moncrief*, 276 Ill. App. 3d 533, 535, 659 N.E.2d 106, 108 (1995) (second district). *McCleary* and *Cook* were both decided by the first district, first division.

Recognizing that the legislature retained the word "may" in the first sentence of section 5—8—1(c), we agree with the interpretation placed on it by *Cook*. The statute, even as amended, does not require a defendant to file a post-sentencing motion as a prerequisite to an appeal. It merely dictates the form it must take and when it must be filed if defendant chooses to file one. In addition, this interpretation avoids any possible challenge to the constitutionality of this section based on the separation of powers clause of the Illinois Constitution. Ill. Const. 1970, art. II, § 1.

The first issue is whether the sentence was excessive. Defendant's entire argument is that his character and potential for rehabilitation are such that lesser sentences would be appropriate. Defendant, born July 16, 1975, points to a criminal history in the presentence investigation report (PSI) that includes a juvenile adjudication for burglary and criminal damage to property less than $300 (Macon County case No. 91—J—62) and two speeding tickets as an adult (Macon County case No. 92—TR—2152; Edgar County case No. 94—TR—595). He admits there is also a conviction for reckless driving and driving while his driver's license was suspended (Macon County case Nos. 95—TR—17370, 95—TR—17371). Defendant further points

out that at the time of sentencing he was working as a construction laborer earning $11 per hour.

■ In the absence of an abuse of discretion, the sentences will not be altered on review. *People v. Perruquet*, 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883 (1977). A sentence imposed within statutory limits will not be overturned unless it is greatly at variance with the purpose and spirit of the law or is manifestly disproportionate to the nature of the offense. *People v. Cabrera*, 116 Ill. 2d 474, 493-94, 508 N.E.2d 708, 716 (1987). When sentencing a defendant after revocation of probation, the trial court may consider the defendant's conduct while on probation, and criminal offenses committed by defendant while on probation may be considered in aggravation. *People v. Laws*, 200 Ill. App. 3d 232, 237, 558 N.E.2d 638, 641 (1990).

The attempt (burglary) in case No. 92—CF—799 was a Class 3 felony (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4(c)(4), 19—1(b)) for which a sentence of not less than two years and not more than five years was authorized (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(6)). The burglary in case No. 94—CF—704 was a Class 2 felony (720 ILCS 5/19—1(b) (West 1992)) for which a sentence of not less than three years nor more than seven years was authorized (730 ILCS 5/5—8—1(a)(5) (West 1992)). Since the offenses involved in this appeal did not arise from a single course of conduct, the trial court had the discretion to impose consecutive sentences if, having regard to the nature and circumstances of the offense and the history and character of defendant, it was of the opinion consecutive sentences were required to protect the public from further criminal conduct by defendant. Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(b); 730 ILCS 5/5—8—4(b) (West 1992). When separate victims are harmed by separate criminal acts directed at the victims separately, consecutive sentences are not prohibited by section 5—8—4(a) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a); 730 ILCS 5/5—8—4(a) (West 1992)). *People v. Schlemm*, 82 Ill. App. 3d 639, 649, 402 N.E.2d 810, 817 (1980). Here, the trial court found the nature and circumstances of the original offenses and the history and character of the defendant necessitated consecutive sentences to protect the public from defendant's further criminal conduct.

■ The sentences were not excessive, and no abuse of sentencing discretion had been demonstrated. This determination is made on the basis of our review of the common law record, in particular the original and updated PSI, and the transcript of the probation revocation hearing, and a transcript of the sentencing hearing following revocation of probation (April 10, 1996), which was allowed to be filed as a supplement to the record on defendant's motion.

54

■ The final issue is whether defendant is entitled to 90 days' credit against his sentence for time previously served while on probation. The docket entry of April 10, 1996, indicates the trial court ruled that defendant was "to be given credit for time served to be calculated." The sentencing order in both of these cases says the same thing. Therefore, we conclude that the trial court intended to give defendant credit for time served, but simply failed to calculate it. As a result, the judgment of the circuit court of Macon County is affirmed in all respects except as to the credit for time previously served, and to that extent, the sentence is reversed and the cause is remanded to the circuit court of Macon County to calculate the sentence credit to which defendant is entitled and to modify the sentencing orders in these cases accordingly.

Affirmed in part and reversed in part; cause remanded with directions.

COOK, P.J., and STEIGMANN, J., concur.