SIXTH DIVISION

Filed:  09/12/97

No. 1-96-3270

THE PEOPLE OF THE STATE OF ILLINOIS )  Appeal from the 

)  Circuit Court of

Plaintiff-Appellee, )  Cook County.

)

v. )  No. 94 CR 22252

)

JUAN FALCON, )  Honorable 

)  Joseph G. Kazmierski,

Plaintiff-Appellant. )  Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court: 

Defendant, Juan Falcon, was charged by indictment with three counts of aggravated criminal sexual assault and three counts of aggravated criminal sexual abuse. Following a jury trial he was found guilty of all counts and the abuse convictions were merged by the trial court with the assault convictions. Subsequently, defendant was sentenced to three terms of 25 years imprisonment in the Illinois Department of Corrections. The 25-year terms were ordered to run consecutively pursuant to the mandatory sentencing provisions of section 5-8-4(a) of the Unified Code of Corrections. 730 ILCS 5/5-8-4(a)(West 1996)(hereinafter, we refer to the Unified Code of Corrections as "the Code"). Defendant now appeals both his conviction and sentence.

On appeal, defendant raises 5 issues for our review: (1) whether the trial court improperly allowed the admission of so-called "other crimes" evidence; (2) whether the evidence produced at trial was sufficient to support his convictions; (3) whether his trial counsel was so ineffective as to deprive him of his fundamental right to due process; (4) whether mandatory consecutive sentences pursuant to the provisions of section 5-8-4(a) of the Code were improper; and (5) whether his combined sentence of 75 years imprisonment is excessive. For the following reasons, we affirm defendant's convictions, but remand the case for resentencing. Consistent with Illinois Supreme Court Rule 23, we publish our judgment in the form of an opinion only with regard to defendant's sentencing issues.

Nonpublishable material under Supreme Court Rule 23 omitted.

Although defendant has raised the issue of sentencing on appeal, we note that defendant has failed to file a post-trial motion challenging his sentence in the trial court. The State argues that this omission constitutes a waiver of any challenge defendant may now wish to bring concerning his sentencing. For support, the State relies upon the amended terms of section 5-8-1(c) of the Unified Code of Corrections (730 ILCS 5/5-8-1(c)(West 1996)) which provides that a defendant "shall" file a post-sentencing motion if he wishes to preserve sentencing issues for further appeal. According to the State, our supreme court's decision in 
People v. Lewis
, 158 Ill. 2d 386, 634 N.E.2d 717 (1994), which held that the failure to file a post-sentencing motion does 
not
 result in waiver, is no longer controlling following the General Assembly's amendment to section 5-8-1(c). 

We reject the State's waiver argument, as have the better-reasoned appellate decisions to consider the issue. See e.g., 
People v. Williams
, 285 Ill. App. 3d 394, 673 N.E.2d 1169 (1996); 
People v. Porter
, 285 Ill. App. 3d 50, 52, 676 N.E.2d 1 (1996); 
People v. Cook
, 279 Ill. App. 3d 718, 726, 665 N.E.2d 299 (1995)
. But see 
People v. Rogers
, 286 Ill. App. 3d 825, 677 N.E.2d 13 (1997); 
People v. Reed
, 282 Ill. App. 3d 278, 280, 668 N.E.2d 51 (1996); 
People v. McCleary
, 278 Ill. App. 3d 498, 501, 663 N.E.2d 22 (1996); 
People v. Moncrief
, 276 Ill. App. 3d 533, 541, 659 N.E.2d 106 (1995). Even were we to accept the State's waiver argument, however, we note that even those cases relied upon by the State have acknowledged that whether a defendant's sentence is properly imposed is generally a question which concerns the defendant's fundamental constitutional right to liberty. As such, even if waiver were to apply, we would address defendant's sentencing arguments under our plain error doctrine. See 
People v. Ritchey
, 286 Ill. App. 3d 848, 677 N.E.2d 973 (1997); 
Reed
, 282 Ill. App. 3d at 281; 
McCleary
, 278 Ill. App. 3d at 501-02; 
Moncrief
, 276 Ill. App. 3d at 535.

Defendant first argues that his consecutive sentences, which the trial court indicated were mandatory under the terms of section 5-8-4(a) of the Code, were not proper under that section. This section provides for mandatory consecutive sentencing for each offense of aggravated criminal sexual assault when a defendant: (1) commits the assault in connection with other criminal acts, (2) those other acts also resulted in convictions for which defendant is being sentenced, and (3) when all the acts are together part of a "single course of conduct during which there was no substantial change in the nature of the criminal objective." Consecutive sentences are not appropriate under the terms of the statute unless the defendant's convictions meet these requirements. See generally 
People v. Williams
, 263 Ill. App. 3d 1098, 638 N.E.2d 207 (1994).

 Defendant notes that the indictments under which he was charged did not indicate, either expressly or impliedly, that his criminal acts were committed as part of a "single course of conduct." Indeed, our examination of the indictments shows the State failed to allege defendant's crimes occurred at any specific point in time whatsoever. Rather, the indictments merely state that defendant molested J.M. in three different ways over a period of several months. 

J.M. testified that defendant sometimes inserted his finger into J.M.'s anus before engaging him in either oral or anal sex, but J.M.'s testimony did not indicate this was always the case. J.M.'s testimony appears to indicate that, sometimes, defendant simply had oral sex with J.M.; othertimes, defendant simply had anal sex. During closing argument the prosecutor stated that the evidence established each of the allegations in the indictments by proving defendant molested J.M. in the following ways: (1) penetration by defendant's finger into J.M.'s anus, (2) penetration by defendant's penis into J.M.'s mouth, and (3) penetration by defendant's penis into J.M.'s anus. 

At oral argument before this court, the State recognized the lack of evidence indicating precisely when and how often defendant molested J.M. Moreover, although the evidence established that defendant committed more than eight acts of criminal sexual assault against J.M., the evidence was clear that no more than two of these acts occurred during any "single course of conduct." See 
People v. Bole
, 155 Ill. 2d 188, 194, 613 N.E.2d 740 (1993)(sexual assault offenses were not committed as part of single course of conduct when committed on different days with substantial interruptions of time between them). The trial court's decision to sentence defendant to 
three
 consecutive terms was therefore conceded by the State to be error. The State agreed with defendant's counsel that, if we reject the State's waiver argument, the case must be remanded for resentencing.

The question remains, however, as to whether, on remand, the trial court may find that two of the defendant's criminal acts were committed as part of a single course of conduct, so as to require two of defendant's sentences to be served consecutively pursuant to the mandatory consecutive sentencing provisions of section 5-8-4(a).

Defendant points out that it is impossible to tell from the record which of the eight or more assaults J.M. testified occurred constituted the basis for the jury's three convictions. Although he concedes it is possible the jury convicted him for committing two acts of aggravated criminal sexual assault during one course of conduct and a third act during another, it is also equally possible that the jury convicted him for committing three separate and distinct offenses on different days, each of which constituted its own "single course of conduct." If defendant's convictions were for crimes that were independent acts, mandatory consecutive sentences are improper. 

The State's position at oral argument before this court was unclear with regard to the possibility of mandatory sentencing on remand. There was a suggestion that the State may argue on remand that mandatory consecutive sentences for two of defendant's three convictions is required under section 5-8-4(a) in light of the testimony that defendant committed two acts of penetration against J.M. during several of the occurrences. Because the issue must be resolved for defendant to be properly sentenced on remand, we elect to address the question now rather than risk the prospect that defendant might receive a second improper sentence. Since our supreme court first addressed the issue of the meaning of "single course of conduct" in 
Bole
, appellate courts have not developed a consistent or even coherent analysis of when courses of conduct are "related," as opposed to "separate." 
People v. Strickland
, 283 Ill. App. 3d 319, 324-25, 668 N.E.2d 1201 (1996). It is clear, however, that when a defendant commits multiple acts of sexual assault separated by a substantial passage of time between the assaults, the assaults are treated as being "separate," and not part of a "single course of conduct" for purposes of section 5-8-4. 
Bole
, 155 Ill. 2d at 194. 

Thus, in 
People v. Pence
, 267 Ill. App. 3d 461, 641 N.E.2d 933 (1994), 
defendant was convicted of two counts of aggravated criminal sexual assault for which he was sentenced to two mandatory consecutive terms pursuant to the provisions of section 5-8-4(a). The appellate court noted in reviewing defendant's sentencing that the jury had been presented with evidence that the defendant assaulted the victim on more than five occasions, but the indictments stated only that multiple assaults had occurred over a six month period of time. The court vacated the defendant's sentences and remanded the case for resentencing
, stating: "although there was evidence from which the jury could have concluded that two of the offenses were part of a single course of conduct, the language of the charging document, the evidence at trial, and the general verdict of the jury do not permit the `single course of conduct' conclusion required by 
Bole
 
for mandatory consecutive sentencing." 
Pence
, 267 Ill. App. 3d at 467.

Here, 
as in 
Pence
, the State never established how defendant's three convictions related to any given "single course of conduct." Thus, as defendant argues, it is impossible to determine whether the defendant was convicted by the jury of committing two acts of aggravated criminal sexual assault during a "single course of conduct," or whether the jury's three convictions related to entirely separate occurrences. Although it is possible that the jury convicted defendant of committing two offenses during a single course of conduct, the record is simply insufficient to establish that the jury did so. In such a situation, consistent with 
Pence
, we find defendant may not be sentenced to mandatory consecutive sentences under the terms of section 5-8-4(a).

In addition to being consistent with this court's prior holding in 
Pence
 and the supreme court's decision in 
Bole
, we note that our analysis comports with the general principal that any ambiguity in a criminal statute must be strictly construed in favor of the defendant. 
People v. Chandler
, 129 Ill. 2d 233, 253-54, 543 N.E.2d 1290 (1989). "'If a statute creating or increasing a penalty or punishment be capable of two constructions, undoubtedly that which operates in favor of the accused is to be adopted.'" 
People ex rel. Gibson v. Cannon
, 65 Ill. 2d 366, 371, 357 N.E.2d 1180 (1976), quoting 
People v. Lund
, 382 Ill. 213, 215-16, 46 N.E.2d 929 (1943). Interpreting section 5-8-4(a) in any other way on remand would have the effect of violating this hallmark of statutory construction.  

Because the case must be remanded for resentencing, the question of whether defendant's sentence is excessive is premature and we decline to address it.

For the forgoing reasons, the judgment of the circuit court of Cook County is affirmed but defendant's sentences are vacated. The case is remanded to the circuit court for resentencing.

Affirmed in part; vacated in part and remanded.

GREIMAN, P.J., concurs, and THEIS, J., concurs in part and 

dissents in part.

JUSTICE THEIS, concurring in part and dissenting in part:

J.M. testified he was born June 6, 1981.  In July 1996, he testified to events occurring in the fall of 1993 and spring of 1994.  Not surprisingly, he was unable to identify the specific dates on which those events took place, 34 months earlier when he was 12 years old.  

My reading of the record is that J.M. testified defendant  penetrated him on at least six days.  Although the assistant State's Attorney at oral argument stated that multiple sex acts occurred on no more than two occasions, J.M.'s testimony was that there were 
three
 of these events.  On the first date, defendant penetrated him both digitally and with his penis.  On another occasion, when J.M. performed oral sex on defendant for the first time, he again digitally penetrated the boy.  During a still later event, defendant placed his finger in J.M.'s anus and then penetrated the boy's anus with his penis.   

Despite that testimony, my colleagues find the consecutive sentences imposed on defendant must be vacated because they believe it is impossible to determine whether the jury's convictions relate to the occasions when multiple acts occurred in a single course of conduct.  In support of their position, they rely on 
People v. Pence
, 267 Ill. App. 3d 461, 641 N.E.2d 933 (1994).  I disagree and join Justice Hartman in his dissent in 
Pence
.  See 
Pence
, 267 Ill. App. 3d at 468, 641 N.E.2d at 938 (Hartman, J., concurring in part and dissenting in part).

The jury was presented with three sets of verdict forms, describing different types of sexual acts.  If the jury had returned both guilty and not guilty verdicts, their meaning would have been unclear.  However, the jury's return of three guilty verdicts was not unclear, and can only be interpreted to mean the jury accepted the testimony of J.M. and rejected the theory of defense--an attack on J.M.'s credibility.      

The majority here and in 
Pence
 apparently create two new requirements before mandatory consecutive sentences can be imposed for assaults committed over a period of time.  Must the State charge in the indictment the specific dates on which criminal acts were committed in a single course of conduct?  Must the trial court give special verdict forms requiring the jury to determine which acts occurred on which dates?  These requirements have no statutory basis, nor support in case law other than 
the majority's reading of 
Pence
.   

It is well recognized that the date of an offense is not an essential ingredient in child sex cases.  
People v. Barlow
, 188 Ill. App. 3d 393, 402, 544 N.E.2d 947, 953 (1989).  This court has long held that, in sex offense cases, flexibility must be given to the requirement that a certain date be specified in the charging document. 
People v. Long
, 55 Ill. App. 3d 764, 772, 370 N.E.2d 1315, 1321 (1977).  Furthermore, proof of the precise date alleged in an indictment is unnecessary unless the allegation of a particular time is an essential ingredient of the offense or a statute of limitations question is involved.  
People v. Wheeler
, 216 Ill. App. 3d 609, 619-20, 575 N.E.2d 1326, 1335-36 (1991).  Additionally, Illinois Pattern Jury Instruction No. 3.01 states:

"The [(indictment) (information) (complaint)] states that the offense charged was committed [on)(on or about)] _______.  If you find the offense charged was committed, the State is not required to prove that it was committed on the particular date charged."  Illinois Pattern Jury Instructions, Criminal, No. 3.01 (3d ed. 1992).   

Also significant is that the statute does not impose the pleading and proof requirements created by the majority.  The plain language is that "[t]he court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct *** unless *** the defendant was convicted of a violation of Section 12-13 or 12-14 of the Criminal Code *** in which event the court shall enter sentences to run consecutively."  730 ILCS 5/5-8-4(a) (West 1992).  While the majority is concerned with the rule of statutory construction that an ambiguous statute must be interpreted in the defendant's favor, our supreme court in 
People v. Bole
 has held the mandatory consecutive sentencing statute is "clear and unambiguous."  
People
 v. Bole
, 155 Ill. 2d 188, 197, 613 N.E.2d 740, 744-45 (1993).  

The result of the majority's opinion here and in 
Pence
 is that a defendant who repeatedly assaults his victim in a single course of conduct 
and
 does so several times is punished less severely than one who commits a series of acts once.  This is an absurd result.    

The jury's unmistakable verdict was that defendant committed multiple acts of assault on at least three occasions.  His convictions and consecutive sentences should be affirmed.