NO. 4-97-0375

November 16, 1998

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from

Plaintiff-Appellee, )  Circuit Court of

v. )  McLean County

ROBERT L. WILLIAMS, )  No. 96CF1119

Defendant-Appellant. )

)  Honorable

)  John P. Freese,

)  Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In April 1997, defendant, Robert L. Wil­liams, was con­

vict­ed after a jury trial of possession of a stolen vehicle, a Class 2 felo­ny (625 ILCS 5/4-103 (West 1996)) that car­ries a pris­on term of 3 to 7 years (730 ILCS 5/5-8-1(a)(5) (West 1996)) and an extend­ed term of 7 to 14 years (730 ILCS 5/5-8-2(4) (West 1996)).  Later that month, de­fendant was sen­tenced to an ex­tend­ed term of 10 years.  Defen­dant filed no postsentencing mo­tions but now appeals his sen­tence.  We af­firm. 

At jury trial in January 1997, the State pre­sent­ed tes­

ti­mo­ny from Vin­cent and Maribeth Schauf, co-owners of an auto­mo­

bile, to es­tab­lish that in Septem­ber 1996, their car, which was parked with the keys inside, was stolen.  Broken glass was found where the car was located.  Lexington police officer Brian Hog­

gins tes­ti­fied de­fen­dant ap­peared con­fused when he en­coun­tered him at a gas sta­tion that evening.  Defendant stared at Hoggins and cir­cled the car he had been driv­ing, which had a broken win­

dow, before entering the car and driv­ing off.  

Hoggins stopped de­fendant and arrested him after a li­

cense plate check revealed defendant was driv­ing a stolen vehi­

cle.  A search of the car revealed a copy of the Schaufs' title to the car.  De­fen­dant did not tes­tify or pres­ent any evi­dence.  He relied solely on his statements to Hoggins at the time of the arrest that he had borrowed the car from a friend.  The jury found de­fen­dant guilty.

Defendant's sentencing hearing was held in April 1997.  It was consolidated with a pretrial conference on a pending charge of retail theft (720 ILCS 5/16A-3 (West 1996)), case No. 96-CF-1331.  The par­ties agreed de­fen­dant was eli­gi­ble for an ex­

tend­ed sen­tence for the charge of possession of a stolen vehi­cle.  De­fendant is a 40-year-old man with an extensive crim­i­nal re­cord.  He had been con­vict­ed of armed robbery (Knox Coun­ty, 1981); two counts of bat­tery (Peoria County, 1975 and 1988); four counts of bur­glary (Peoria County, 1975; Fulton County, Georgia, 1989; and De Kalb Coun­ty, Georgia, 1990 and 1991); resi­den­tial bur­glary (Cook County, 1993); crim­i­nal tres­pass (De Kalb Coun­ty, Georgia, 1990); theft (Kane Coun­ty, 1974); theft by re­ceiv­ing sto­len prop­

erty (De Kalb Coun­ty, Geor­gia, 1990); theft over $300 (in 1996); four counts of re­tail theft (Peoria Coun­ty, 1980 and 1985; and Cook County, 1989 and 1996); ob­structing a peace offi­cer (Peoria Coun­ty,  1988); re­sist­ing ar­rest (Peoria Coun­ty, 1974); pub­lic inde­cen­cy (Woodford County, 1985); and drink­ing on a pub­lic way (Cook Coun­ty, 1992).  De­fen­dant was on man­da­tory su­per­vi­sory re­

lease when he committed this offense and al­legedly commit­ted the re­tail theft.  Ac­cord­ing to the re­port, defen­dant stated he had been using cannabis peri­odi­cally for about 15 years and cocaine for about 10 years.

Defendant has a limited education and there was evi­

dence he may also have suffered from a mental illness.  Sentenc­

ing was continued until April 1997 to allow defen­dant time to prepare an expert report on defendant's fitness for sentenc­ing.  At the sentencing hearing, it was established defen­dant had been taking psychotrop­ic drugs since October 1996.  A letter from a psychia­trist, Dr. B.R. Damera, indicated the psychotropic medi­ca­

tions did not substantially affect defendant's decision-making abil­i­ty, but despite the medi­ca­tions, he had auditory hallucina­

tions.  Ac­cord­ing to defendant's presen­tence re­port, de­fen­dant stat­ed he suf­fered from delu­sions, and his health was dete­riorat­

ing due to his HIV-posi­tive status (human immunodeficiency vi­

rus).  Ac­cord­ing to notes of Damera and an­oth­er psy­chi­a­trist who had seen him in custody, defendant seemed dis­or­ga­nized and con­

fused, and he had some memory prob­lems.  No other evi­dence of ag­gra­va­tion or miti­gation was pre­sent­ed by either party.

At the sen­tenc­ing hear­ing in April 1997, the court ruled there was no need to hold a fit­ness hearing be­cause there was no 
bona
 
fide
 doubt as to his fit­ness.  See 725 ILCS 5/104-

11(a) (West 1994).  The court found defendant's emo­tion­al con­di­

tion was a miti­gat­ing factor, but that defendant's criminal his­

tory indi­cat­ed a sub­stantial prison term was warranted.  The court dis­missed the re­tail theft case, and the State elect­ed not to prose­cute a pend­ing ag­gra­vated bat­tery charge.  The court sen­

tenced defendant to an ex­tended 10-year prison term, with 221 days' credit for time served, and res­titu­tion.  Defendant did not file any postsen­tencing motions.  He appeals his sen­tence, argu­

ing the trial court failed to give adequate weight to his mental disease as a mitigating factor.

As a threshold matter, the parties dispute whether de­

fen­dant has waived this issue by his failure to file a postsen­

tencing mo­tion chal­leng­ing his sentence at the trial level.  Section 5-8-1(c) of the Unified Code of Corrections (Code) pro­

vides, in per­tinent part:

"A motion to reduce a sentence may be made, or the court may re­duce a sentence without mo­tion, within 30 days after the sentence is imposed.  
A
 
defendant's
 
chal­

lenge
 
to
 
the
 
correctness
 
of
 
a
 
sentence
 
or
 
to
 
any
 
aspect
 
of
 
the
 
sentencing
 
hearing
 
shall
 
be
 
made
 
by
 
a
 
written
 
motion
 
filed
 
with­in
 
30
 
days
 
follow­ing
 
the
 
imposi­tion
 
of
 
sen­tence
.  Howev­

er, the court may not increase a sen­tence once it is imposed."  (Emphasis add­ed.) 730 ILCS 5/5-8-1(c) (West 1996).

The emphasized language was added by an amendment in 1993.  Pub. Act 88-311, §15, eff. August 11, 1993 (1993 Ill. Laws 2604, 2615).

Prior to the amend­ment, the su­preme court interpreted the stat­ute to be permissive and not mandatory, and a de­fen­dant was not re­quired to file a postsen­tenc­ing mo­tion to preserve sen­

tencing issues for review.  
People v. Lewis
, 158 Ill. 2d 386, 390-91, 634 N.E.2d 717, 719-20 (1994).  This district held the amendments did not change that result.  
People v. Wil­liams
, 285 Ill. App. 3d 394, 403, 673 N.E.2d 1169, 1175 (1996); 
People v. Porter
, 285 Ill. App. 3d 50, 52, 676 N.E.2d 1, 2-3 (1996).  The second district and two divisions of the first district, however, held a postsentencing motion was required.  
People v. Moncrief
, 276 Ill. App. 3d 533, 535, 659 N.E.2d 106, 108 (1995) (second district); 
People v. Rogers
, 286 Ill. App. 3d 825, 832, 677 N.E.2d 13, 18 (1997) (first district, fifth division); 
People v. Reed
, 282 Ill. App. 3d 278, 280, 668 N.E.2d 51, 53 (1996), 
aff'd
, 177 Ill. 2d 389, 686 N.E.2d 584 (1997) (first district, sec­ond divi­sion); 
contra
 
People v. McCleary
, 278 Ill. App. 3d 498, 501-

02, 663 N.E.2d 22, 24-25 (1996) (first district, first divi­sion).  While the pres­ent case was pend­ing on ap­peal, the su­preme court rul­ed that, due to the added lan­guage, a defen­dant is re­quired to file a postsen­tencing mo­tion before appealing a sen­tence.  
Reed
, 177 Ill. 2d at 393-94, 686 N.E.2d at 586.

The parties dispute whether the holding of 
Reed
 should be ap­plied retroactively to this case.  

The traditional rule is that 
statutes
 are presumed to apply prospectively only and will not be given retro­active effect absent clear language within the statute indicating that the legislature intended such effect.  
First of America Bank, Rockford v. Netsch
, 166 Ill. 2d 165, 182, 651 N.E.2d 1105, 1112-

13 (1995).  More recently it has been held that the better ap­

proach is to apply the law that applies by its terms at the time of the ap­peal, unless doing so would interfere with a vested right.  
First of America Trust Co. v. Armstead
, 171 Ill. 2d 282, 290, 664 N.E.2d 36, 40 (1996).  No vested rights are involved where the rights are not yet perfected or where the amendment is procedural in nature.  
Armstead
, 171 Ill. 2d at 290, 664 N.E.2d at 40.  The legislature still has the power to declare when its statutes should apply, but in situations where it is uncertain what the legisla­ture intended, for example, the application of a statute amended while a case is on appeal, the 
Armstead
 rule will apply.   

The traditional rule has been that 
judi­cial
 
deci­sions
 are applied retroactively, that is, that they are applied whenev­

er they can be applied.  The traditional rule follows the sugges­

tion that judges do not make law, they only discover it.  
Link-

letter v. Walker
, 381 U.S. 618, 622-23, 14 L. Ed. 2d 601, 604-05, 85 S. Ct. 1731, 1734 (1965).  The United States Supreme Court got away from the tradi­tional rule when it adopted new constitu­tional rules in crimi­nal proce­dure cases in the 1960s, but there has been a re­turn to the rule in recent years.  See W. LaFave & J. Israel, Crimi­nal Proce­dure §2.9 (2d ed. 1992).  New consti­tu­tion­

al rul­ings are now applied retro­ac­tive­ly to cases not yet final, in­clud­ing those that are on appeal at the time the ruling is made.  With certain excep­tions, new constitu­tional rulings will not be ap­plied, how­ever, to cases that have become final and that are attacked col­later­ally, such as by the filing of a postcon­viction peti­tion.  
Peo­ple v. Moore
, 177 Ill. 2d 421, 430, 686 N.E.2d 587, 592-93 (1997), following 
Teague v. Lane
, 489 U.S. 288, 304-05, 103 L. Ed. 2d 334, 352, 109 S. Ct. 1060, 1072 (1989).  The crux of the current rules, both as applied to stat­

utes and as applied to judicial decisions, is that new law will be applied in all cases unless there is some reason not to apply it.          

Section 5-8-1(c) was amended effective August 11, 1993, well before the sen­tencing hearing in this case.  If section 5-8-

1(c) unambiguously required the filing of a postsentencing mo­

tion, defen­dant could, and should, have com­plied with sec­tion 5-

8-1(c) be­fore bringing this appeal.  If the change in the law is viewed as originating with a new ruling in 
Reed
, then, under the analy­sis set out above, that new ruling could be ap­plied to cases then on direct re­view.  There may be a rea­son not to apply 
Reed
 in this case, how­ev­er.  Al­though pro­ce­dural rules do not im­pli­

cate vest­ed rights, the es­sence of a procedural rule is that it is defi­nite and that liti­gants have some oppor­tunity to com­ply with it.  Defendant had no opportunity to comply with any rule orig­i­nat­ing in the 
Reed
 deci­sion, which was decided after de­fen­

dant had filed his ap­peal.  The argu­ment could be made that the re­quirement to file a postsentencing mo­tion orig­i­nat­ed in sec­tion 5-8-1(c).  It is difficult to fault defen­dant for not accepting that argu­ment, as we did not accept it our­selves, as demonstrated by the decisions in 
Wil­liams
 and 
Por­ter
.  Never­the­less, this court has al­ready de­cided that 
Reed
 should be ap­plied to cases like this one, con­cluding that there is only one ap­pel­late court, and a litigant has no basis for relying on the deci­sions of his ap­pel­late court and ignoring the deci­sions of other dis­tricts.  
People v. Corrie
, 294 Ill. App. 3d 496, 505-08, 690 N.E.2d 128, 134-36 (1998).  We decline to over­rule 
Corrie
.  De­fendant has waived the issue he presents on this ap­peal by not filing a postconviction petition.          

   Even if the issue were not waived, the trial court ex­

press­ly con­sid­ered evi­dence of defendant's men­tal ill­ness as a miti­gating fac­tor.  Defendant notes the trial court did not men­

tion his HIV status, his age, or his education.  We are not per­

suaded, however, that the trial court did not consider those factors.  The trial court could also consider defendant's prior crim­i­nal his­to­ry, both in deciding to impose an extended term (730 ILCS 5/5-5-3.2(b)(1) (West 1996)) and in de­cid­ing the length of the extended term (730 ILCS 5/5-5-3.2(a)(3) (West 1996)), de­

spite defendant's evi­dence of health or men­tal prob­lems.  See 
Peo­ple v. An­der­son
, 211 Ill. App. 3d 140, 144, 569 N.E.2d 1178, 1182 (1991).  In light of defendant's crim­i­nal re­cord, and the dis­cre­tion given to the trial court, we can­not con­clude the trial court erred in its sen­tenc­ing deci­sion.

For the above reasons, we affirm.

Affirmed.

GARMAN, P.J., and GREEN, J., concur.