THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BYRON M. DURHAM, Defendant-Appellant.

Second District    No. 2—97—0368

Opinion filed March 23, 2000.

414

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Karen L. Daniel, of Oak Park, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Daniel N. Malato, of Cary, for the People.

JUSTICE McLAREN delivered the opinion of the court:

This court affirmed, as modified, defendant's conviction in *People v. Durham*, 303 Ill. App. 3d 763 (1999). Our supreme court, in denying defendant's leave to appeal, exercised its supervisory authority and vacated this court's judgment, ordering this court to reconsider the case in light of *People v. Whitney*, 188 Ill. 2d 91 (1999).

Defendant, Byron M. Durham, appeals from his convictions of first-degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1996)) and ag-

gravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 1996)) and his consecutive sentences of 27 years' imprisonment for murder and 9 years for aggravated battery with a firearm. We affirm as modified.

At approximately 3:30 a.m. on May 7, 1996, Joe Nunnally was shot several times and taken to Mercy Center Hospital, where he died from his gunshot wounds on May 9. Casey Stewart was also shot at that time, although his wound did not require medical attention. Defendant was arrested on May 9 and subsequently charged with two counts of murder in the death of Joe Nunnally and one count of aggravated battery with a firearm in the wounding of Casey Stewart. Following a jury trial, defendant was found guilty of all three counts and was sentenced to consecutive terms of 27 years (one count of murder) and 9 years (aggravated battery with a firearm) in the Department of Corrections. Defendant's posttrial motion was denied. This appeal followed.

Defendant first contends that the trial court erred in allowing testimony regarding Joe Nunnally's identification of defendant from a photo lineup. The trial court allowed the jury to hear testimony of Investigator Marshall Gauer of the Aurora police department, who testified that on May 8 he and another investigator visited Joe Nunnally at Mercy Center Hospital. Nunnally was unable to speak at that time because he was hooked up to a ventilator and had a large tube in his mouth. However, Gauer explained that he wished to show Nunnally a photo lineup in an attempt to identify the shooter. Nunnally was to nod his head up and down if he saw the picture of his assailant. Gauer pointed to each picture on the display and asked Nunnally if that was the person who shot him. Nunnally shook his head no at the first three photos. However, at the fourth picture, which was a photo of defendant, Nunnally nodded his head when asked if that was the person who shot him. When asked if he was positive, he nodded again. In addition, tears began to fall from his eyes when he saw defendant's photo. The trial court denied defendant's motion *in limine* regarding this testimony, finding that Nunnally's reaction to viewing defendant's photo was an excited utterance and a spontaneous declaration, thus fitting into an exception to the hearsay rule.

■ The requirements for admissibility under the excited utterance exception to the hearsay rule are (1) the occurrence of an event sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time for fabrication; and (3) a statement relating to the circumstances of the occurrence. *People v. House*, 141 Ill. 2d 323, 381 (1990). The factors to be considered in determining whether a statement is spontaneous, excited, and unreflecting are time, the

nature of the event, the mental and physical condition of the declarant, and the presence or absence of self-interest. *House*, 141 Ill. 2d at 381-82.

■ Looking to these factors and requirements, we conclude that the court erred in finding Nunnally's statement to be an excited utterance or a spontaneous declaration. Foremost in our conclusion is the fact that there was no occurrence sufficiently startling to produce a spontaneous and unreflecting statement. The occurrence that made Nunnally nod and begin to cry was a police officer pointing to a picture of the defendant. While viewing a photograph of a person who shot him may have caused Nunnally anguish or anger, this is not the type of startling event that causes an excited utterance under the hearsay rule. Were it otherwise, any statement made in response to viewing an alleged offender or his photograph would be admissible. Taking this to its logical conclusion, even the mention of an alleged offender's name could then cause an excited utterance. Any questioning of a victim that involved an alleged offender's name could then be used as substantive evidence because of this rule. This is not the intention of this exception to the hearsay rule. The other factors to be considered are in this case inconclusive. Although 34 hours passed between the shooting of Nunnally and his viewing of the photo, he was in intensive care, under sedation, receiving blood, and hooked up to a respirator. He had time to fabricate, but his physical and mental conditions were not conducive to fabrication. That being said, Nunnally was lucid enough at the time he met with Gauer to respond to questions and instructions from Gauer and pick out defendant's photograph. We can see no self-interest on Nunnally's part to pick defendant out as his assailant other than to identify the person who shot him. However, Nunnally's statement fails the first requirement for admissibility under *House*. Therefore, we conclude that the court erred in finding that Nunnally's identification was admissible as an excited utterance or spontaneous declaration.

■ However, not all errors in the introduction of evidence require the reversal of a conviction; where other substantial competent evidence of a defendant's guilt is properly before the trier of fact, an error may be found to be harmless beyond a reasonable doubt. See *People v. Crayton*, 175 Ill. App. 3d 932, 955 (1988). Our review of the evidence in this case leads us to conclude that the court's erroneous admission of Nunnally's identification was, indeed, harmless beyond a reasonable doubt. Mickey Stewart testified that he knew both defendant and Nunnally and saw defendant, from only a few feet away, shoot Nunnally. His description of defendant's clothing matched that given by Casey Stewart. Stewart also testified to an argument between Nun-

nally and defendant two to three hours before the shooting in which defendant stated "all right, mother f---er, it's on now, I'm going to get you, you pussy." Dr. William Mollohan, who treated Nunnally in the emergency room immediately after the shooting, testified that, in response to questioning, Nunnally twice stated that "Byron" shot him. Byron is the first name of defendant and Byron Savage, the man who brought Nunnally to the hospital and was in the emergency room when Nunnally said "Byron." However, there was no evidence that Byron Savage shot defendant. Defendant presented testimony of four family members in order to establish an alibi. However, none of the witnesses saw defendant at 3:30 a.m. on May 7, the time of the shooting; they all stated that defendant went to bed shortly after 11:30 p.m. on May 6 and that they saw him the following morning. Given this evidence, we conclude that the jury had more than enough evidence, excluding the erroneously admitted identification, to find defendant guilty beyond a reasonable doubt. Therefore, the court's error is harmless and does not require the reversal of defendant's convictions.

Defendant next contends that he was not proved guilty beyond a reasonable doubt of aggravated battery with a firearm. We disagree.

A reviewing court will not reverse a conviction unless the evidence is so improbable that a reasonable doubt of the defendant's guilt is justified. *People v. Moore*, 171 Ill. 2d 74, 94 (1996). The relevant question on review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Moore*, 171 Ill. 2d at 95.

■ Defendant was charged with shooting Casey Stewart under section 12—4.2(a)(1) of the Criminal Code of 1961, which states in relevant part:

> "A person commits aggravated battery with a firearm when he, in committing a battery, knowingly or intentionally by means of the discharging of a firearm (1) causes any injury to another person[.]" 720 ILCS 5/12—4.2(a)(1) (West 1996).

A person commits a battery when he knowingly or intentionally without legal justification and by any means causes bodily harm to an individual or makes physical contact of an insulting or provoking nature with an individual. 720 ILCS 5/12—3(a) (West 1996). Defendant argues that, as there is no claim of insulting or provoking contact, the State was required to prove that Casey Stewart sustained bodily harm and an injury, and this the State failed to do.

■ Our supreme court has held that, while it is difficult to pinpoint exactly what constitutes bodily harm under the statute, "some sort of physical pain or damage to the body, like lacerations, bruises or abra-

sions," is required. *People v. Mays*, 91 Ill. 2d 251, 256 (1982). However, direct evidence of injury is not required; the trier of fact may infer injury based upon circumstantial evidence in light of common experience. *People v. Norfleet*, 259 Ill. App. 3d 381, 392 (1994).

Here, Casey Stewart testified that he was grazed by a bullet on his left arm; a mark or something "of that nature" was left on his arm. Stewart refused medical treatment at the time, and the mark was gone by the time of the trial. Officer Ron Hinterlong testified that, although he spoke to Stewart about his injury on the night of the incident, he did not observe any injury. Detective Jim Coursey testified that he observed Stewart approximately two hours after the shooting and described what looked "like a small nick or cut on [Stewart's] right arm."

■ We conclude that the State did prove defendant guilty beyond a reasonable doubt of aggravated battery with a firearm. Both Stewart and Detective Coursey testified as to a mark on Stewart's arm; Coursey described it as "a small nick or cut." Certainly, nicks and cuts are similar in nature to lacerations, abrasions, and bruises. The fact that the mark was not still present at trial is not remarkable, as many physical manifestations of harm, such as bruises and abrasions, are not of a long-term nature. The fact that Stewart and Detective Coursey testified that the wound was on opposite arms is not a basis for reversal, as this goes to the weight to be given the evidence by the jury and is not a failure of proof. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that Casey Stewart suffered an injury when his arm was grazed by a bullet fired by defendant. We will not reverse defendant's conviction of aggravated battery with a firearm.

Defendant next contends that he should not be subject to the truth-in-sentencing provisions of section 3—6—3 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/3—6—3 (West 1996)). We agree.

■ Our supreme court has recently held that Public Act 89—404 (Pub. Act 89—404, eff. August 20, 1995), which amended section 3—6—3 to include the truth-in-sentencing provisions, is unconstitutional, as it was enacted in violation of the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). See *People v. Reedy*, 186 Ill. 2d 1 (1999). Therefore, defendant is eligible to receive the good-conduct credit that he would have been eligible to receive prior to the enactment of Public Act 89—404, and the trial court's judgment must be so modified.

■ Defendant finally contends that the court erred in imposing consecutive, rather than concurrent, sentences. We first note that de-

fendant failed to raise this issue at trial or in a posttrial motion. To be properly preserved on appeal, an issue must be raised both at trial and in a posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, the improper imposition of consecutive sentences might violate defendant's fundamental rights. *People v. Moncrief*, 276 Ill. App. 3d 533, 535 (1995). Therefore, we will review this issue to determine whether the imposition of consecutive sentences constitutes plain error. See *Moncrief*, 276 Ill. App. 3d at 535.

As explained in sections 5—8—4(a) and (b) of the Corrections Code, there are three circumstances under which a court may impose consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective; these circumstances occur when (1) one of the offenses of which the defendant was convicted was a Class X or a Class 1 felony and the defendant inflicted severe bodily injury; (2) the defendant was convicted of a violation of section 12—13, 12—14, or 12—14.1 of the Criminal Code of 1961 (720 ILCS 5/12—13, 12—14, 12—14.1 (West 1996)); or (3) the court, having considered the nature and circumstances of the offense and the history and character of the defendant, is of the opinion that consecutive terms are required to protect the public from further criminal conduct by the defendant, and the basis for this opinion is set forth in the record. 730 ILCS 5/5—8—4(a), (b) (West 1996). In the first two circumstances, consecutive sentences are mandatory; in the third, they are in the trial court's discretion. 730 ILCS 5/5—8—4 (West 1996). The only circumstance at issue in this case is the first.

The trial court stated the following at sentencing:

"Now, I find that the aggravated battery with a firearm and the murder were committed as part of a single course of conduct during which there was no substantial change in criminal objective, and serious bodily injury was caused as, in both, the murder and the separate aggravated battery with a firearm with a separate victim.

I find therefore that the defendant's sentence for the aggravated battery with a firearm must run consecutively to the sentence I have just imposed for the murder, and I hereby sentence the defendant to nine years for that offense."

■ From this, defendant raises two arguments. First, defendant argues that the court erred in finding that Casey Stewart suffered serious bodily injury as a result of the gunshot wound. A trial court's decision with regard to sentencing is to be given great deference, and a reviewing court should not substitute its judgment for that of the sentencing court absent an abuse of discretion. *People v. Israel*, 181 Ill.

App. 3d 851, 860 (1989). However, we conclude here that the court did abuse its discretion in finding that the wound suffered by Casey Stewart was a severe bodily injury. The wound was described as a mark or something "of that nature" and "like a small nick or cut." Stewart refused medical treatment for the wound. The evidence of Stewart's wound does not fit the definition of severe bodily injury. The State cites the case of *People v. Johnson*, 149 Ill. 2d 118 (1992), and states that *Johnson* stands for the proposition that a gunshot wound satisfies the severe bodily harm requirement. However, a closer reading of *Johnson* reveals that the victim therein was hospitalized at least one day after he was shot. See *Johnson*, 149 Ill. 2d at 130-31. A "nick or cut" requiring no medical attention is not a severe bodily injury. We conclude that the record is inadequate to support a finding that the defendant inflicted severe bodily harm on Casey Stewart. Therefore, consecutive sentences cannot stand on this basis.

The question remains, then, whether the injuries sustained by Joe Nunnally can be the basis of consecutive sentences. There can be no doubt that the three gunshots that defendant pumped into the body of Joe Nunnally, which ultimately ended Nunnally's life, constituted severe bodily injury. However, our supreme court has recently held that the required severe bodily injury must be inflicted during the commission of the Class X or Class 1 felony. See *People v. Whitney*, 188 Ill. 2d 91, 98-99 (1999). Defendant's conduct in committing the offense of aggravated battery with a firearm did not result in severe bodily injury to the victim of that felony, Casey Stewart. Thus, section 5—8—4(a) of the Corrections Code (730 ILCS 5/5—8—4(a) (West 1996)) is not applicable, and consecutive sentences are not warranted. Therefore, the trial court's judgment must be modified to reflect that defendant's sentences are to be served concurrently.

For these reasons, the judgment of the circuit court of Kane County is affirmed as modified.

Affirmed as modified.

INGLIS and RAPP, JJ., concur.