THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE NOBLE, Defendant-Appellant.

Third District    No. 3—98—0785

Opinion filed December 1, 1999.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendant, Willie Noble, was found guilty but mentally ill of first degree murder. 720 ILCS 5/9—1(a)(1) (West 1996). He appeals his conviction, arguing that the insanity statute applied to his case was unconstitutional. For the following reasons, we reverse his conviction and remand his case for a new trial.

## FACTS

Before August 20, 1995, a defendant could prevail on an insanity defense by establishing that, due to a mental disease or defect, he

lacked substantial capacity to either (1) appreciate the criminality of his conduct, or (2) conform his conduct to the requirements of the law. 720 ILCS 5/6—2(a) (West 1994). Under both of these prongs, the defendant had the burden of proving his insanity by a preponderance of the evidence. 720 ILCS 5/6—2(e) (West 1994). Effective August 20, 1995, the legislature amended the insanity statute by eliminating the second prong of the insanity definition (incapacity to conform one's conduct to the requirements of the law) and increasing the defendant's burden of proof to a "clear and convincing evidence" standard. Pub. Act 89—404, eff. August 20, 1995 (amending 720 ILCS 5/6—2 (West 1994)).

In its information against defendant, the State alleged that he killed his wife on or about August 28, 1997. He subsequently admitted to killing his wife by forcing her head under the water at Banner Marsh. In February of 1998, his attorney sent him to Dr. Robert E. Chapman for a psychiatric evaluation, including an assessment of his sanity. Dr. Chapman concluded that defendant was mentally ill but not insane, since his mental illness did not affect him "to the extent he was unable to appreciate the wrongfulness of his behavior." In April of 1998, the State sent defendant to Dr. Anthony J. Caterine for another psychiatric evaluation. Dr. Caterine concluded that defendant had a "mental disease and or defect" but that he was not insane, since he "did appreciate that he was doing something wrong and criminal" when he killed his wife.

Around the time of these evaluations, the Appellate Court, Second District, declared Public Act 89—404 unconstitutional. *People v. Reedy*, 295 Ill. App. 3d 34, 692 N.E.2d 376 (1998). The State appealed this decision to the Illinois Supreme Court. While the appeal was pending, the legislature restored the aforementioned amendments to the insanity statute through a new public act. Pub. Act 90—593, eff. June 19, 1998 (amending 720 ILCS 5/6—2 (West 1994)).

Defendant proceeded to a stipulated bench trial in August of 1998. The judge found that he was not insane and adjudged him guilty but mentally ill of first degree murder. Subsequently, the supreme court affirmed the second district's holding in *Reedy*. *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999).

## ANALYSIS

Public Act 89—404 is unconstitutional because it violates the single-subject rule of the Illinois Constitution. Ill. Const. 1970, art. IV, § 8(d); *Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114. An act that is declared unconstitutional is void *ab initio*. *People v. Manuel*, 94 Ill. 2d 242, 446 N.E.2d 240 (1983). Thus, "[t]he effect of enacting an unconstitutional

amendment to a statute is to leave the law in force as it was before the adoption of the amendment." *People v. Gersch*, 135 Ill. 2d 384, 390, 553 N.E.2d 281, 283 (1990). In the instant case, the new public act that restored the amendments to the insanity statute does not apply retroactively to defendant's offense. *People v. DeSimone*, 67 Ill. App. 2d 249, 261, 214 N.E.2d 305, 311 (1966) ("the law which was in effect at the time of the commission of the crime is controlling").

These principles illustrate that defendant was entitled to pursue a defense under either prong of the former insanity statute. However, Public Act 89—404 deprived him of a fair opportunity to consider a defense under the second prong. This fact is apparent from the reports of Drs. Chapman and Caterine. Both doctors concluded that defendant was not insane because he could appreciate the criminality of his conduct. However, they did not evaluate his ability to conform his conduct to the requirements of the law. They were not even asked to perform such an evaluation because Public Act 89—404 had eliminated the corresponding prong of the insanity definition.

Under these circumstances, we cannot say that defendant had a fair opportunity to weigh his option of raising an insanity defense under the statute applicable to his offense. The State points out that the trial judge specifically found that defendant was not insane (a finding he had to make before adjudging defendant guilty but mentally ill (720 ILCS 5/6—2(d) (West 1994))). However, the record indicates that the judge considered (and in all likelihood relied heavily upon) the reports of Drs. Chapman and Caterine in making this finding. We therefore reverse defendant's conviction and remand his case for a new trial. In doing so, we do not comment negatively on the performance of defendant's attorney or the trial judge, whose actions preceded the supreme court's final resolution of the constitutionality issue regarding Public Act 89—404.

## CONCLUSION

For the foregoing reasons, we reverse the circuit court's judgment and remand defendant's case for a new trial.

Reversed and remanded.

LYTTON and KOEHLER, JJ., concur.