THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID
A. BELCHER, Defendant-Appellant.

Fourth District    No. 4—99—0755

Opinion filed March 27, 2001.

Daniel D. Yuhas and Robert N. Markfield, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

This case returns to us after remand. On October 29, 1996, defen-

dant, David A. Belcher, pleaded guilty to having committed one count of first degree murder (count XII) (720 ILCS 5/9—1(a)(2) (West 1996)) on February 28, 1996, in exchange for the State dismissing the other counts against him. There was no agreement as to sentence. On November 27, 1996, after finding defendant eligible for the death penalty, the trial court sentenced him to 60 years' imprisonment. Defendant appealed the denial of his motion to reconsider sentence, and we remanded for the filing of a new motion to reconsider sentence and a proper Rule 604(d) (145 Ill. 2d R. 604(d)) certificate. *People v. Belcher*, 4—96—0959 (July 21, 1998) (unpublished order under Supreme Court Rule 23). We also refused defendant's request for leave to file a motion to withdraw guilty plea, which he made because a portion of the insanity defense statute had been declared unconstitutional.

*Res judicata* does not apply to this case because no final order has been entered by this court. This case comes to us, although for the second time, on direct appeal. Defendant now argues that his guilty plea was not knowingly and intelligently made because it was premised on a misapprehension of law. We affirm.

We could refuse to reconsider our ruling under the doctrine of law of the case, but we are not bound to do so. *People v. Huff*, 195 Ill. 2d 87, 90 (2001). Certainly the supreme court will be allowed to consider the issue. We choose to address the question on its merits.

Prior to the time defendant committed the offense, section 6—2 of the Criminal Code of 1961 defined the insanity defense as follows:

> "(a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity *either* to appreciate the criminality of his conduct *or to conform his conduct to the requirements of law*." (Emphasis added.) 720 ILCS 5/6—2(a) (West 1994).

Public Act 89—404 amended the insanity defense to delete the emphasized language, language which defendant refers to as the "prong two" defense. Pub. Act 89—404, § 15, eff. August 20, 1995 (1995 Ill. Laws 4306, 4307) (amending 720 ILCS 5/6—2 (West 1994)). Public Act 89—404 was in effect at the time defendant committed the offense and at the time he entered his guilty plea. However, while defendant's first appeal was pending, it was held that Public Act 89—404 violated the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). *People v. Reedy*, 295 Ill. App. 3d 34, 44, 692 N.E.2d 376, 384 (1998); *aff'd*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999); *People v. Pitts*, 295 Ill. App. 3d 182, 188, 691 N.E.2d 1174, 1178 (1998). Accordingly, the "prong two" defense should have been available to defendant when he entered his guilty plea.

At defendant's sentencing hearing, Dr. Jeckel, a psychiatrist, testi-

fied that he interviewed defendant on June 14, 1996, and reviewed defendant's criminal history, police reports, and reports from a mental center and hospitals where defendant had been a patient. Dr. Jeckel concluded that, under the previous test for sanity, defendant was insane because he had an impairment in his ability to conform his conduct to the requirements of the law. But, under the new standard, defendant was sane because he could appreciate the criminality of his conduct.

Defendant asks that we reconsider our previous decision and allow him to file a motion to withdraw guilty plea, arguing that his guilty plea was not knowingly and intelligently made because it was premised on a misapprehension of law, being that the "prong two" defense was not available. As we explained in our previous decision, it is by no means certain that defendant would have succeeded with a "prong two" defense. If the State had been timely alerted to the issue, the State may have been able to put on an expert who would have testified defendant was not insane when he committed the murder. The State would have been able to vigorously cross-examine Dr. Jeckel.

■ The traditional rule has been that judicial decisions are applied retroactively, that is, they are applied whenever they can be applied. New constitutional rulings are accordingly applied retroactively to cases not yet final, including those that are on appeal at the time the ruling is made. *People v. Williams*, 301 Ill. App. 3d 210, 214, 703 N.E.2d 133, 136 (1998). Generally, decisions that announce "new rules" are not to be applied retroactively to cases pending on collateral review. *People v. Moore*, 177 Ill. 2d 421, 430, 686 N.E.2d 587, 592 (1997); *People v. Beachem*, 317 Ill. App. 3d 693, 698, 740 N.E.2d 389, 392 (2000).

In one sense, defendant's case was not final when *Pitts* was decided. Defendant had filed a motion to reduce sentence and was appealing the denial of that motion. On the specific issue involved in this case, however, the request to file a motion to withdraw guilty plea, the decision was final. Defendant pleaded guilty and did not file a motion for leave to withdraw guilty plea. It may be correct, as defendant's trial counsel stated, that "there was no way anybody could predict that [Public Act 89—404] would be found unconstitutional," but it is also true that, at the time *Pitts* was decided, the decision in defendant's case was final. If defendant had not taken an appeal in this case, it is clear that he could not have raised the change in the law announced by *Pitts* collaterally. Defendant's appeal, limited to the denial of the motion to reduce sentence, did not preserve any other issue, including any issues related to the withdrawal of a guilty plea. *Cf. People v. Noble*, 308 Ill. App. 3d 980, 721 N.E.2d 780 (1999) (cause remanded so

that defendant could assert "prong two" defense; defendant had pleaded not guilty).

■ A defendant who pleads guilty gives up a number of rights, including the possibility that he might benefit from future changes in the law. The defendant in *Pitts* also pleaded guilty, but the issue on which Public Act 89—404 was there declared unconstitutional was a sentencing issue, preserved in the appellate court by the filing of a motion to reduce sentence in the trial court.

■ ■ There are exceptions to the general principle that new rules cannot be applied to decisions that are final. See *Beachem*, 317 Ill. App. 3d at 699, 740 N.E.2d at 392. A new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. *Teague v. Lane*, 489 U.S. 288, 311, 103 L. Ed. 2d 334, 356, 109 S. Ct. 1060, 1075 (1989). A new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty. *Teague*, 489 U.S. at 311, 103 L. Ed. 2d at 356, 109 S. Ct. at 1076. Neither of those exceptions applies in this case. Legislative adoption of a "prong two" insanity defense is not required by any concept of ordered liberty. In fact, the statute held unconstitutional on technical grounds in *Pitts* was reenacted in Public Act 90—593. Pub. Act 90—593, § 15, eff. June 19, 1998 (1998 Ill. Laws 1307, 1309-10).

For the foregoing reasons, we reaffirm our previous order that defendant should not be granted leave to file a motion for leave to withdraw guilty plea. Defendant raises no issue regarding sentencing.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.