NOTICE
This Order was filed under
Supreme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under Rule
23(e)(1).

2021 IL App (4th) 190638-U

NO. 4-19-0638

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 16, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| SHURESE Y. BAILEY, | ) | No. 01CF749 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to
             withdraw as counsel and affirmed the trial court's judgment as no issue of
             arguable merit could be raised on appeal.

¶ 2    Defendant, Shurese Y. Bailey, appeals from the trial court's denial of her motion
for leave to file a successive postconviction petition. On appeal, the Office of the State Appellate
Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be
raised. Defendant has filed no response to OSAD's motion. We grant OSAD's motion and affirm
the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4    In October 2002, a jury convicted defendant of felony first degree murder (720
ILCS 5/9-1(a)(3) (West 2000)), robbery (720 ILCS 5/18-1(a) (West 2000)), and concealment of

a homicidal death (720 ILCS 5/9-3.1(a) (West 2000)) in connection with the death of Danny Nelson.

¶ 5        Defendant's presentence investigation report (PSI) indicated defendant, 26 years old at the time of the offense, had been evaluated for psychological issues five times since she was 15 years old. Her psychological evaluation in 1990 when she was 15 years old did not result in a diagnosis, though she attended a "Women's Group" and successfully completed the program. Defendant was diagnosed with depression in 1995, for which she was prescribed medication and attended counseling, and she continued to attend counseling and take her medication as a condition of supervised release in a federal case. In 1996 and 1999, while in prison in relation to the federal case, defendant was again evaluated and diagnosed with depression. She attended therapy sessions and took medication as directed while incarcerated. Defendant stopped taking medication shortly before her release from federal custody. Defendant was again evaluated while in pretrial custody in this case. She was again diagnosed with depression and prescribed medication. She attended counseling while incarcerated as it was available and reported she continued to take medication until a week prior to the PSI interview, as the correctional facility advised her the medication would no longer be provided.

¶ 6        In November 2002, defendant's sentencing hearing began with the trial court noting the PSI stated defendant had not been given her antidepressant medication. Defense counsel stated he had no concerns about defendant's fitness to be sentenced. The court questioned defendant and determined defendant was fit, though the court noted it would "have this in mind as we progress through proceedings." After evidence and arguments, the trial court stated it had considered the PSI, evidence received, arguments of counsel, and statement by defendant. The court sentenced defendant to 30 years' imprisonment for first degree murder, 5

years' imprisonment for concealment of a homicidal death, to be served consecutively, and 5 years' imprisonment for robbery, to be served concurrently. Defendant filed a motion to reduce sentence, which the trial court denied.

¶ 7        On appeal, defendant argued, *inter alia*, her sentence was disproportionate to her codefendants and her robbery conviction should be vacated under the one-act, one-crime rule. This court vacated defendant's robbery conviction as a lesser included offense of felony murder, granted defendant an additional day of sentence credit, and otherwise affirmed her conviction. *People v. Bailey*, 364 Ill. App. 3d 404, 846 N.E.2d 147 (2006).

¶ 8        In November 2005, defendant filed a *pro se* petition for postconviction relief, alleging she was denied due process when the State failed to "adhere to prior agreement and/or promises of immunities" and ineffective assistance of counsel. She did not raise any claim related to the presentation of evidence of mental illness at her sentencing hearing. The trial court appointed counsel, who filed an amended postconviction petition but added no new claims. The court granted the State's motion to dismiss defendant's postconviction petition. On appeal, this court affirmed the dismissal of defendant's postconviction petition. *People v. Bailey*, 377 Ill. App. 3d 1160, 953 N.E.2d 90 (2007) (table) (unpublished order under Supreme Court Rule 23).

¶ 9        In June 2008, defendant filed a *pro se* petition for relief from judgment, raising claims concerning the State's plea offer. The trial court dismissed defendant's petition. This court granted defendant's motion to dismiss her appeal from that judgment.

¶ 10        In June 2019, defendant filed a *pro se* motion for leave to file a successive postconviction petition. Defendant noted, in 2016, the legislature amended the statutory mitigating factors in sentencing to include mental illness as a mitigating factor. Defendant argued no evidence was presented "regarding her mental illness nor personal affects at the time of the

offense" and she "was not given the opportunity to present this evidence of mitigation." Defendant argued, where the trial court failed to consider her history of mental illness, her sentence violated the fifth, eighth, and fourteenth Amendments (U.S. Const., amends. V, VIII, XIV). Defendant contended the date of the statutory amendment provided cause for her successive postconviction petition, and she was prejudiced where, if the trial court had considered her mental illness in mitigation, her sentence likely would have been shorter.

¶ 11  In July 2019, the trial court denied defendant leave to file a successive postconviction petition, finding she established cause but failed to establish prejudice. Defendant filed a *pro se* motion to reconsider, arguing she established prejudice and adding additional claims of ineffective assistance of counsel and unreasonable assistance of postconviction counsel for not raising claims regarding her mental illness in prior proceedings. The court denied defendant's motion to reconsider, and defendant appealed.

¶ 12  OSAD was appointed to represent defendant on appeal. In December 2020, OSAD filed a motion and supporting memorandum of law seeking to withdraw as counsel on appeal. This court granted defendant leave until January 15, 2021, to file additional points and authorities. She filed none.

¶ 13        II. ANALYSIS

¶ 14  On appeal, OSAD asserts no colorable argument can be made suggesting the trial court's denial of defendant's motion for leave to file a successive postconviction petition was in error. We agree.

¶ 15  The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions."

*People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). The Postconviction Act contemplates the filing of only a single postconviction petition, and any claim not raised in the original postconviction petition is deemed waived. *People v. Holman*, 2017 IL 120655, ¶ 25, 91 N.E.3d 849 (citing 725 ILCS 5/122-3 (West 2010)).

¶ 16 The statutory bar against a successive postconviction petition will be relaxed only where a defendant sets forth a colorable claim of actual innocence or shows cause and prejudice for the failure to raise an alleged constitutional claim in an earlier petition. *Id.* ¶ 26. Under the cause-and-prejudice test, a defendant demonstrates cause by identifying "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post[ ]conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2018). A defendant demonstrates prejudice by showing the "claim not raised during his or her initial post[ ]conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2018).

¶ 17 OSAD contends defendant has demonstrated cause where, in 2016, the legislature codified as a mitigating factor for the trial court to consider at sentencing, the following:

> "At the time of the offense, the defendant was suffering from a serious mental illness which, though insufficient to establish the defense of insanity, substantially affected his or her ability to understand the nature of his or her acts or to conform his or her conduct to the requirements of the law." Pub. Act 99-877 (eff. Aug. 22, 2016) (amending 730 ILCS 5/5-5-3.1).

As this statutory factor did not exist when defendant filed her initial postconviction petition, defendant could not have brought a claim based on the statutory factor. We agree with OSAD defendant has thereby demonstrated cause to file her successive postconviction petition.

¶ 18     However, OSAD contends defendant has failed to establish prejudice where (1) the amended statute did not apply retroactively to defendant's case and (2) sentencing courts were free to consider mental illness prior to its codification as a mitigating factor, and the sentencing court did consider evidence of defendant's mental health history. We agree.

¶ 19     Section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2018)) provides a general savings clause under which "procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 20, 72 N.E.3d 346. "Thus, if the temporal reach of the statute is not clearly indicated in its text, then the statute's temporal reach is provided by default in section 4 of the Statute on Statutes." *People v. Hunter*, 2017 IL 121306, ¶ 22, 104 N.E.3d 358. Section 4 further limits the application of retroactive amendments. Section 4 provides, "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to *any judgment pronounced after* the new law takes effect." (Emphasis added.) 5 ILCS 70/4 (West 2018). In other words, "[u]nder section 4, substantive amendments may not be applied retroactively, but 'procedural law changes will apply to *ongoing proceedings*." (Emphasis added.) *Howard*, 2016 IL 120729, ¶ 28 (quoting *People v. Ziobro*, 242 Ill. 2d 34, 46, 949 N.E.2d 631, 638 (2011)). Defendant's proceedings concluded well before the amendment took effect.

¶ 20     In addition, nothing prior to the codification of mental illness as a mitigating factor prevented trial courts from considering a defendant's mental health history. Sentencing courts were free to consider evidence of mental illness in mitigation prior to the 2016 amendment. See, *e.g.*, *People v. Williams*, 301 Ill. App. 3d 210, 215, 703 N.E.2d 133, 137 (1998) ("[T]he trial court expressly considered evidence of defendant's mental illness as a mitigating

factor."); *People v. Zarka-Nevling*, 308 Ill. App. 3d 516, 526, 720 N.E.2d 334, 341 (1999) (The appellate court presumed mitigating factors of defendant's mental illness presented to the trial court were adequately weighed.).

¶ 21 This case is similar to our supreme court's decision in *People v. Mertz*, 218 Ill. 2d 1, 92, 842 N.E.2d 618, 667 (2005). In *Mertz*, the defendant argued, in part, the codification of a history of extreme emotional or physical abuse as a mitigating factor in capital sentence proceedings required a new sentencing hearing. *Id.* at 91. The court initially noted the defendant presented no evidence of the retroactive application of the amendment. *Id.* The court further found, even if the amendment would apply retroactively, "[w]ith respect to the new statutory mitigating factor ***, we note that it is new only in the sense that it is now *statutory*. Our decisions have long recognized that a defendant's family history, including abuse and exposure to violence during childhood, can be a mitigating factor at sentencing." *Id.* at 92. Similarly, in this case, the consideration of mental illness as a mitigating factor was available to defendant before the formal codification of the factor was signed into law.

¶ 22 We can be sure mental illness could have been considered as a mitigating factor at defendant's sentencing hearing because the trial court did in fact consider defendant's mental health history. Defendant's PSI contained detailed self-reporting of defendant's mental health history, and the trial court stated it considered the PSI and all evidence and argument before imposing sentence. The trial court questioned defendant as to her antidepressant medication to assure she was fit. We presume "the trial court properly considered all mitigating factors and rehabilitative potential before it." *People v. Barnes*, 2017 IL App (1st) 143902, ¶ 95, 90 N.E.3d 1117. Therefore, we presume the trial court considered defendant's mental health history as presented. As such, we agree with OSAD there is no colorable argument defendant's inability to

bring her mental health history as a mitigating factor under the statute "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f)(2) (West 2018).

¶ 23    Defendant additionally argued (1) counsel was ineffective for failing to present evidence of her mental illness and (2) postconviction counsel was unreasonable for not raising her claims during her initial postconviction proceedings. OSAD contends there is no colorable argument to these claims, and we agree.

¶ 24    As discussed, under the cause-and-prejudice test for successive postconviction petitions, a defendant must present "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post[ ]conviction proceedings." 725 ILCS 5/122-1(f)(1) (West 2018). Defendant only raises as cause the 2016 amendment to the factors in mitigation statute. An amendment in 2016 cannot establish cause for a claim trial counsel or postconviction counsel were ineffective, as "effective assistance does not impose a duty of clairvoyance." (Internal quotation marks omitted.) *People v. Rowell*, 2021 IL App (4th) 180819, ¶ 29. Neither trial counsel nor postconviction counsel could be ineffective for an alleged failure to act "based upon a development of law that had not yet occurred." *Id.* We agree with OSAD no colorable argument can be made defendant presented cause for her failure to bring this claim in her initial postconviction petition. See 725 ILCS 5/122-1(f)(1) (West 2018).

¶ 25                            III. CONCLUSION

¶ 26    We grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 27    Affirmed.